UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINUS EKENE,<br><br>    Plaintiff,<br><br>    v.<br><br>E. BROUSSARD, *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-01255-KJM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BE DENIED<br><br>ECF No. 20<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

   Plaintiff Linus Ekene is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  He has filed a motion for a temporary restraining order and a preliminary injunction, ECF No. 20, alleging that defendants have retaliated against him for filing lawsuits by destroying his typewriter and confiscating his legal materials.  *Id.* at 4, 6.  Plaintiff also alleges that defendants have retaliated against him by putting other inmates in his cell to attack him.  *Id.* at 3.  He asks that I direct defendants to return his property and to assign him a single-occupancy cell.  *Id.* at 12.  Defendants have filed an opposition, ECF No. 21, and plaintiff has filed a late reply, ECF No. 23.  I recommend that plaintiff's motion be denied.

Legal Standards

"A plaintiff seeking a preliminary injunction[1] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). As the Ninth Circuit has previously observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

---

[1] Plaintiff characterizes his motion as one for both a temporary restraining order and a preliminary injunction. The motion does not distinguish between the two or explain why both are necessary. For our purposes, the same standard governs both forms of relief. *See Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1072 (C.D. Cal. 2019).

Analysis

In their opposition, defendants dispute the facts, maintaining that all of plaintiff's legal materials remain available to him and that he currently does not have a cellmate. ECF No. 21 at 4, 7. They have filed a declaration from D. Santos, the litigation coordinator at Mule Creek State Prison, who states that plaintiff still has access to the law library through the Law Library Paging Services Program[2] and can request any legal materials stored outside his cell. ECF No. 21-1 at 3-4, ¶¶ 7, 13-14. Defendants state that some of plaintiff's legal materials were moved to a "legal storage area" because inmates are allowed no more than one cubic foot of legal property in their cells. *Id.* at 4, ¶¶ 13-14. Santos states that plaintiff reviewed his stored legal materials as recently as October 15, 2020. *Id.* at 4, ¶ 14. Finally, Santos states that plaintiff has not had a cellmate since September 5, 2020 because he is currently housed in administrative segregation, charged with possession of a manufactured weapon.[3]

In his reply, plaintiff disputes Santos' account as to the accessibility of his legal materials. He claims that he has made numerous requests for his legal property stored in "receiving and release" storage and, to date, has been denied access to it. ECF No. 23 at 3-4. "In deciding a motion for preliminary injunction, the district court is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir.1986) (internal citations omitted); *see also Moturi v. Asher*, No. C19-2023 RSM-BAT, 2020 U.S. Dist. LEXIS 76512, *6-7 (W.D. Wash. 2020) ("However, in Petitioner's case, a factual dispute prevents the Court from concluding that he is at a 'substantial risk of serious harm' and from concluding that he is likely to succeed on his reasonable safety claim."). And when a movant seeks mandatory injunctive relief—that is, when he asks the court to order a party to take some action that goes beyond preserving the status quo[4]—the facts and law must be in his favor. *See Anderson v. United States*, 612 F.2d 1112,

---

[2] Santos states that this program replaces physical access to the law library, which has been curtailed as a result of the ongoing pandemic. ECF No. 21-1 at 2, ¶ 6.

[3] Santos describes the weapon as "a toothbrush sharpened to a point with cloth wrapped at the other end." *Id.* at 3, ¶ 9.

[4] There is no question that the current situation, in which plaintiff alleges that he does not have access to the legal materials stored outside his cell, can be viewed for purposes of this

3

1114 (9th Cir. 1979) ("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo Pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party.") (quoting *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976)).

I find that plaintiff has not carried his burden of establishing that he will suffer irreparable harm absent preliminary relief, and so I recommend that his motion be denied. *See Xiaohua Huang v. Nephos Inc.*, No. C 18-06654-WHA, 2019 U.S. Dist. LEXIS 149050, *2 (N.D. Cal. 2019) ("None of these contentions show irreparable harm. Plaintiff's failure to establish this factor alone is sufficient to deny his motion for a temporary restraining order and preliminary injunction."). I also find that plaintiff has not shown that his alleged inability to access the legal materials outside his cell has irreparably harmed his ability to litigate this action. As noted above, plaintiff argues that he has been without access to these materials for sixteen months. ECF No. 23 at 2. This action was filed was filed less than twelve months ago and, thus far, plaintiff has capably prosecuted his claims. Finally, although plaintiff maintains that he cannot access his legal materials, this issue is forcefully disputed by defendants, and plaintiff has not shown that, faced with this conflicting factual account, he is "likely to succeed on the merits." *Glossip*, 576 U.S. at 876. The facts and law do not "clearly favor" plaintiff, and his motion should be denied on that basis. *Anderson*, 612 F.2d at 1114.

As for his housing request, plaintiff does not respond to Santos' sworn declaration that he has no cellmates to threaten him; once again, plaintiff has not shown a likelihood of success. And, although Santos does not address the alleged destruction of plaintiff's typewriter, plaintiff does not seek relief related to the typewriter. *See* ECF No. 20 at 12 (requesting that defendants be ordered to "issue plaintiff his legal materials and grant plaintiff single cell status."). Furthermore, while destruction of plaintiff's typewriter might be troubling, preliminary relief cannot alter past events. *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) ("Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does

---

motion as the status quo. ECF No. 23 at 2 ("It has been sixteen (16) months that plaintiff has been without his legal materials.").

4

not continue to suffer adverse effects.").

I recommend that plaintiff's motion for a temporary restraining order and preliminary injunction, ECF No. 20, be denied. This recommendation will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   December 22, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5