1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LINUS EKENE,                          No.  2:20-cv-1255 KJM JDP P

12                  Plaintiff,

13        v.                               ORDER

14   E. BROUSSARD, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18   under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided

19   by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On December 22, 2020, the magistrate judge filed findings and recommendations, ECF

21   No. 24, which were served on all parties and which contained notice to all parties that any

22   objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff

23   has filed objections to the findings and recommendations.  ECF No. 27.

24          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25   court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the

26   findings and recommendations to be supported by the record and by the proper analysis.  The

27   court writes separately here only to address plaintiff's objections.

28   /////

Plaintiff objects first that the magistrate judge incorrectly credited the defendants' assertions over his own evidence about his access to legal materials. *See* Objections at 2, ECF No. 27 (quoting F&Rs at 4); *see also id.* at 4 (arguing the magistrate judge misinterpreted the record on this question). The court has reviewed both parties' submissions. According to the sworn declaration of the prison's litigation coordinator, plaintiff can and has requested and received legal materials from the prison's law library, from "receiving and release," and from the administrative segregation unit. *See, e.g.*, Santos Decl. ¶¶ 4, 7, 8, 14, ECF No. 21-1. Plaintiff can also store a small amount of legal materials and other property in his cell. *See id.* ¶ 13. Plaintiff disputes Santos's claims, but the magistrate judge acknowledged that disagreement. *See* F&Rs at 3–4. The magistrate judge correctly found that plaintiff has not carried his burden to show the facts "clearly" favor his request. F&Rs at 3–4 (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)). The court also declines to resolve this dispute at this early stage given plaintiff's failure to show he is likely to suffer irreparable harm without injunctive relief.

Plaintiff also objects to the magistrate judge's finding that plaintiff is unlikely to suffer irreparable harm if not assigned to a one-person cell. *See* Objections at 3–4. The magistrate judge correctly found that plaintiff has not been assigned a cellmate for many months. *See* Santos Decl. ¶¶ 12 & Ex. F. The magistrate judge did not ignore plaintiff's claim that officers assigned other inmates to his cell to attack him, as he now claims in his objections. *See* Objections at 4–5. The alleged attacks occurred more than a year ago, *see* Mot. Prelim. Inj. Ex. 12, ECF No. 20, and no evidence suggests ongoing danger from cellmates. The prison appears reluctant to assign plaintiff a cellmate; it believes he has threatened to kill anyone else assigned to his cell. *See* Santos Decl. ¶ 9. Plaintiff also claims in his objections that officers are "constantly trying" to give him a cellmate with COVID-19. *See* Objections at 3. He does not claim, however, that he has actually been assigned an infected cellmate, and his motion does not rest on claims about dangers from COVID-19. A finding that irreparable harm is likely would be speculation.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 22, 2020, are adopted in full;

/////

2.  Plaintiff's motion for a temporary restraining order and preliminary injunction, ECF No. 20, is denied; and

3.  This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED:  March 30, 2021.

CHIEF UNITED STATES DISTRICT JUDGE