UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINUS EKENE,<br><br>              Plaintiff,<br><br>       v.<br><br>E. BROUSSARD & TILLERY,<br><br>              Defendants. | Case No.  2:20-cv-01255-KJM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED AND PLAINTIFF'S MOTIONS TO STAY AND FOR PRELIMINARY INJUNCTION BE DENIED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF Nos. 35, 54, 56, 60, & 61<br><br>ORDER GRANTING THE PARTIES' MOTIONS FOR EXTENSIONS OF TIME AND DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER AND DENYING PLAINTIFF'S MOTIONS TO COMPEL AND TO MODIFY THE SCHEDULING ORDER<br><br>ECF Nos. 30, 46, 47, 52, 57, 59, & 63 |

Plaintiff Linus Ekene, a state prisoner without counsel, filed this section 1983 action, alleging that defendants E. Broussard and Tillery violated his First Amendment rights by retaliating against him for engaging in protective conduct and denying him access to the courts. Defendants have filed a motion for summary judgment, arguing that plaintiff's allegations, taken as true, do not establish a First Amendment violation as to either claim. ECF No. 54. I agree and recommend that the motion be granted.

1

**Miscellaneous Motions**

Before addressing the motion for summary judgment, I will address the numerous ancillary motions pending on the docket.

Plaintiff's motions for an extension of time to respond to the motion for summary judgment, ECF Nos. 57 & 59, and defendant's motion for an extension of time to reply to plaintiff's opposition, ECF No. 63, are granted. The opposition and reply have now been submitted and are deemed timely.

Defendant's motion to modify the scheduling order, ECF No. 52, is granted, and the current motion for summary judgment is deemed timely filed.

Plaintiff's motions to stay this action, ECF Nos. 56, 60, & 61, should be denied. All requested a stay to allow plaintiff to respond to defendant's motion for summary judgment, which he has now done by way of a lengthy opposition.

Plaintiff's request for an order pursuant to Rule 184, ECF No. 46, is denied. Therein, he argues that the court should take action to stop defendants' attorney from sending him mail without a return address. *Id.* at 1-2. There is no indication that this remains an issue, and I decline to admonish or sanction defendants' counsel at this time.

Plaintiff's motion to compel, ECF No. 30, is denied because it is based on discovery requests that were not timely served. All discovery requests were to be served by January 21, 2021. ECF No. 18 at 4. Plaintiff did not serve the discovery requests at issue until February 3, 2021. ECF No. 38-1 at 5. Plaintiff's motion to modify the scheduling order, ECF No. 47, is denied for want of good cause. He claims that he was taken to administrative segregation on September 8, 2020, and, without his legal materials, was unaware of the cut-off date for serving discovery requests. ECF No. 47 at 2-3. Plaintiff admits that his legal property was returned to him on January 29, 2021. However, he waited until June 28, 2021, to file his motion to modify the scheduling order. Such delay shows a lack a lack of diligence. In any event, plaintiff's opposition to the motion for summary judgment makes no mention of lacking discovery materials.

1 **Motion for Summary Judgment**

2 **I.     Legal Standards**

3 Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable factfinder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to portions of depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider material in the record beyond that cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010). Given the liberal standard afforded pro se litigants and the prohibition against granting summary judgment by default, I will take the whole record into consideration in evaluating whether defendants are entitled to summary judgment.[1]

"The moving party initially bears the burden of proving the absence of a genuine issue of

---

[1] The advisory committee notes to the 2010 amendments to Rule 56(e) state that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion." Fed. R. Civ. P. 56(e) (advisory committee notes to 2010 amendments). Instead, courts are permitted to consider a fact undisputed if it is not properly addressed or to grant summary judgment if the motion and supporting materials show that the movant is entitled to it. *See id.* This discretion is particularly apposite in cases with prisoner litigants proceeding pro se, since an unrepresented prisoner's choice to proceed without counsel is often "less than voluntary," and prisoners are subject to the "handicaps . . . [that] detention necessarily imposes upon a litigant," such as "limited access to legal materials . . . [and] sources of proof." *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65, n.4 (9th Cir. 1986); *see also Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (holding that courts have an "obligation to give a liberal construction

1 material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). While the non-moving party is not required to establish a material issue of fact conclusively in its favor, it must at least produce "evidence from which a jury could reasonably render a verdict in [its] favor." *Id.* (citing *Anderson*, 477 U.S. at 252). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the non-moving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

## II. Background

Plaintiff alleges that in September 2018, while he was incarcerated at California Men's Colony ("CMC"), a correctional officer named Vasquez engaged in sexual misconduct toward him. ECF No. 54-6 at 10. Plaintiff filed a grievance and Prison Rape Elimination Act complaint against Vasquez. *Id.* at 12-14, ECF No. 54-8 at 5. Thereafter, in May 2019, plaintiff was transferred to Mule Creek State Prison ("MCSP"). ECF No. 54-6 at 7.

Plaintiff claims that, upon arrival at MCSP, he went to collect his legal materials and encountered defendant Broussard. ECF No. 1 at 4. Broussard confiscated plaintiff's grievances and a completed, but not yet filed, civil rights complaint against Vasquez. *Id.* Broussard allegedly told plaintiff that he would not allow any litigation to proceed against Vasquez. *Id.* Plaintiff alleges that Broussard also broke his typewriter by striking it with a baton. *Id.*

Plaintiff alleges that defendant Tillery conspired with Broussard to retaliate against him. Together, the two officers allegedly confiscated several of plaintiff's personal items, including the

---

to the filings of pro se litigants").

4

typewriter, a hot pot, a pair of headphones, a coaxial cable, two boxes of his legal materials, and a reading lamp. *Id.* at 4-5. Plaintiff claims that he told both officers that he needed his legal materials to file a lawsuit. *Id.* at 5.

### III. Analysis

Defendants are entitled to summary judgment on both claims.

#### A. Retaliation Claim

In the prison context, a successful First Amendment retaliation claim must contain five elements: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005). The Ninth Circuit has held that "mere speculation that defendants acted out of retaliation is not sufficient" and that specific evidence of retaliation is required to defeat summary judgment. *Wood v. Yordy*, 753 F.3d 899, 904-905 (9th Cir. 2014).

As an initial matter, plaintiff has failed to point to any specific evidence showing that defendants confiscated his grievances and civil rights complaint. In his deposition testimony, he admitted that he did not see either defendant take his documents. ECF No. 54-8 at 13 (Dep. pg. 96). Similarly, he was not present when his belongings were inventoried and packed for transfer from CMC to MCSP. *Id.* at 8 (Dep. pgs. 62-63). Plaintiff admits that his property boxes were opened in his absence, and that he does not know when they were opened. *Id.* at 14 (Dep. Pg. 97). Neither defendant told plaintiff that they were responsible for opening his boxes; plaintiff assumed that the officers were responsible because they were present when he arrived to pick up his belongings and they failed to give him an explanation for why the boxes were open. *Id.*

More broadly, plaintiff has failed to point to any evidence that defendants harbored any retaliatory intent against him based on his dealings with Vasquez. Neither defendant ever worked at CMC. ECF No. 54-5 at 2, ¶ 4; ECF No. 54-7 at 2, ¶ 5. Both defendants state, by way of their declarations, that they did not know Vasquez or anyone else employed at CMC. ECF No. 54-5 at 2, ¶ 5; ECF No. 54-7 at 2, ¶ 6. And approximately six months lapsed between plaintiff's

5

encounter with defendants and his lodging of a formal complaint against Vasquez. Plaintiff alleges that defendants acted against him because his name appeared on a "list" that singles out inmates for retaliation, but he fails to allege any specific facts about it. In his deposition, plaintiff admitted that he had no knowledge of where the "list" is kept, or the name of the individual who told him about its existence. ECF No. 54-8 at 12-13 (Dep. pgs. 92-93). When asked who maintains the "list," he could not identify any officer by name. *Id.* at 13 (Dep. pg. 93). Plaintiff admitted that he has no evidence that the "list" exists. *Id.* What remains is the self-serving allegation that defendant Broussard told plaintiff that his lawsuit against Vasquez would not proceed. In the face of defendants' substantial evidence that they had no way of knowing about plaintiff's complaints against Vasquez, this allegation cannot stave off summary judgment.[2] *See Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988) ("The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial.").

### B. Access to Courts Claim

To succeed on a denial of access to courts claim, a prisoner must show that the defendant hindered his efforts to pursue a non-frivolous criminal appeal, habeas petition, or civil rights lawsuit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, plaintiff alleges that the confiscation of his typewriter and legal materials prevented him from filing a lawsuit against Vasquez. ECF No. 1 at 9. As an initial matter, inmates have no right to a typewriter and possession of one is not a prerequisite to filing a lawsuit. *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985) ("The existence or condition of the library's typewriters is irrelevant, as the Constitution does not require that they be made available to inmates."). And plaintiff has not, as noted above, produced any evidence that either defendant was responsible for taking his complaint. Even if he could show that defendants confiscated his complaint, plaintiff has not established that re-drafting the complaint was impossible. Records show that, since the alleged

---

[2] In light of plaintiff's failure to provide evidence of retaliatory motive, I find it unnecessary to discuss whether the confiscation or destruction of plaintiff's personal property was, as defendants argue, penologically justified. Even assuming defendants confiscated his property because of some unrelated animus, it would have no bearing on the success of this claim.

6

incident in May 2019, he has filed three other lawsuits. *See* ECF No. 54-3 at 5.[3]  Thus, plaintiff cannot show that defendants prevented him from accessing the courts and pursuing his claims against Vasquez.

Based on the foregoing, it is ORDERED that:

1. The motions for extension of time at ECF Nos. 57, 59, & 63, are GRANTED, and plaintiff's opposition, ECF No. 62, and defendants' reply brief, ECF No. 64, are deemed timely.

2. Plaintiff's request for an order pursuant to Rule 184, ECF No. 46, is DENIED.

3. Plaintiff's motion to compel, ECF No. 30, is DENIED.

4. Plaintiff's motion to modify the scheduling order, ECF No. 47, is DENIED.

5. Defendants' motion to modify the scheduling order, ECF No. 52, is GRANTED.

Further, it is RECOMMENDED that:

1. Defendants' motion for summary judgment, ECF No. 54, be GRANTED.

2. Judgment be entered in their favor and against plaintiff

3. I necessarily recommend that plaintiff's motion for preliminary injunction, ECF No. 35, and his motions to stay this action, ECF Nos. 56, 60, & 61, be DENIED.

4. The Clerk of Court be directed to close the case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d

---

[3] Defendants ask that I take judicial notice of the PACER case search document at this page number. ECF No. 54-3 at 1-2. I will do so. Judicial notice is appropriate where a document is publicly available and capable of accurate and ready determination. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988). The PACER search results meet these requirements.

7

834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   February 22, 2022                 _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE