UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Linus Ekene,

            Plaintiff,

   v.

E. Broussard & Tillery,

           Defendants.

No. 2:20-cv-01255-KJM-JDP

ORDER

        Plaintiff Linus Ekene alleges in this action under 42 U.S.C. § 1983 that the defendants, two correctional officers, destroyed his typewriter and have kept legal documents from him, all in an attempt to prevent him from pursuing a different civil rights case.  The matter was referred to a Magistrate Judge for pretrial purposes under this district's local rules.  The defendants' motion for summary judgment is pending, and the Magistrate Judge recommends granting that motion.  *See generally* F&Rs, ECF No. 68; Mot., ECF No. 54; Mem., ECF No. 54-2.  Mr. Ekene objects to the Magistrate Judge's findings and recommendations.  *See generally* Objections, ECF No. 69.[1]  The court has reviewed the matter de novo.  *See* 28 U.S.C. § 636(b)(1).

        Mr. Ekene pursues two claims.  In the first, he alleges the two officers retaliated against him for pursuing his planned civil rights case by withholding critical legal documents.  The

---

[1] Plaintiff submitted a second copy of the objections that are identical to the first.  ECF No. 70.

1

Magistrate Judge concluded that Mr. Ekene could not prove these allegations at trial because he admitted in his deposition that he did not see the officers take his materials, but rather had only "assumed that the officers were responsible because they were present." F&Rs at 5. The officers could not explain why a box of his legal materials had been opened. *See id.* Although Mr. Ekene's deposition testimony might support these conclusions, he claims in a declaration under penalty of perjury that the officers had his documents and refused to give them to him. Ekene Decl. ¶ 7, ECF No. 62; *see also* Objections at 5-6 (referencing declaration). The Magistrate Judge did not address this conflict in the record.

The Magistrate Judge also found that Mr. Ekene had cited no evidence to support his claim that the two officers acted in retaliation to the potential lawsuit. *See* F&Rs at 5–6. They claimed in declarations not to know anything about the person who would have been a defendant in Mr. Ekene's planned lawsuit, and six months had passed since the events behind Mr. Ekene's planned complaint. *See id.* Mr. Ekene also claims, however, again under penalty of perjury, that the two officers told him they had heard he was planning to file a complaint and were "not going to let [him] proceed with [his] litigation." Ekene Decl. ¶ 6; Objections at 8-10. The Magistrate Judge did not explain why this evidence does not create a genuine dispute of material fact.

The court refers this first claim again to the Magistrate Judge to consider whether Mr. Ekene's declaration creates a genuine dispute of material fact. *See, e.g.*, *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015) (explaining when a "self-serving" and "uncorroborated" affidavit creates a genuine dispute of material fact); *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (explaining when inconsistencies in the record can prevent a declaration from creating an issue of fact). Alternatively, the Magistrate Judge could consider defense arguments he did not reach. *See* Mem. at 10–18.

Mr. Ekene's second claim is similar to the first. He claims the two officers deprived him of access to the courts by confiscating his documents and breaking his typewriter. The Magistrate Judge recommends granting summary judgment of this claim because (1) "inmates have no legal right to a typewriter," (2) Mr. Ekene had not cited evidence that the two officers took his materials, and (3) Mr. Ekene had not "established that re-drafting his complaint was impossible."

F&Rs at 6.  On the third point, the Magistrate Judge noted that Mr. Ekene has filed three other lawsuits since the two officers allegedly attempted to keep him away from the courts.

The court declines to adopt these findings and recommendations.  The magistrate judge did not consider or determine whether the loss of Mr. Ekene's typewriter and documents deprived him of "a reasonably adequate opportunity" to present the particular claim he intended to pursue. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)); *see also Christopher v. Harbury*, 536 U.S. 403, 413–14 (2002) (describing access claims about specific cases, including cases that "could not have commenced" as a result of a challenged impediment).  In addition, as explained above, it is unclear whether Mr. Ekene's declaration creates an issue of fact about the officers' actions and intentions.

The court **declines to adopt** the findings and recommendations and **refers this matter again to the Magistrate Judge** for all pretrial purposes.

IT IS SO ORDERED.

DATED:  March 29, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE