UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINUS EKENE,<br><br>          Plaintiff,<br><br>     v.<br><br>E. BROUSSARD & TILLERY,<br><br>          Defendants. | Case No.  2:20-cv-01255-KJM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REFER ACTION TO MEDIATION<br><br>ECF No. 72<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED IN PART AND DENIED IN PART AND THAT PLAINTIFF'S MOTIONS TO STAY AND FOR PRELIMINARY INJUNCTION BE DENIED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF Nos. 35, 54, 56, 60, & 61 |

Plaintiff Linus Ekene, a state prisoner without counsel, filed this section 1983 action, alleging that defendants E. Broussard and Tillery violated his First Amendment rights by both denying him access to the courts and retaliating against him for engaging in protected conduct. Defendants filed a motion for summary judgment, arguing that plaintiff's allegations, taken as true, do not establish a First Amendment violation as to either claim. ECF No. 54. On February 23, 2022, I recommended that the motion be granted. ECF No. 68. The district judge declined to adopt those recommendations and referred the matter back to me, directing me to consider, *inter*

*alia*, whether discrepancies between plaintiff's deposition testimony and a subsequent declaration attached to his opposition create a genuine dispute of material fact. ECF No. 71. After considering these issues, I find that summary judgment is still appropriate as to plaintiff's access to courts claim and the retaliation claim regarding the confiscation of his headphones and cable, but not with respect to the retaliation claim at large.

**Motion for Summary Judgment**

**I.   Legal Standards**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable factfinder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to portions of depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider material in the record beyond that cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010). Given the liberal standard afforded pro se litigants and the prohibition against granting summary judgment by default, I will take the whole record into consideration in evaluating whether defendants are entitled to summary judgment.

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving

party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). While the non-moving party is not required to establish a material issue of fact conclusively in its favor, it must at least produce "evidence from which a jury could reasonably render a verdict in [its] favor." *Id.* (citing *Anderson*, 477 U.S. at 252). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the non-moving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

## II. Background

Plaintiff alleges that in September 2018, while he was incarcerated at California Men's Colony ("CMC"), a correctional officer named Vasquez engaged in sexual misconduct toward him. ECF No. 54-6 at 10. Plaintiff filed a grievance and Prison Rape Elimination Act complaint against Vasquez. *Id.* at 12-14, ECF No. 54-8 at 5. Thereafter, in May 2019, plaintiff was transferred to Mule Creek State Prison ("MCSP"). ECF No. 54-6 at 7.

Plaintiff claims that upon arrival at MCSP he went to collect his legal materials and encountered defendant Broussard. ECF No. 1 at 4. Broussard confiscated plaintiff's grievances and a completed, but not yet filed, civil rights complaint against Vasquez. *Id.* Broussard allegedly told plaintiff that he would not allow any litigation to proceed against Vasquez. *Id.* Plaintiff alleges that Broussard also broke his typewriter by striking it with a baton. *Id.*

Plaintiff alleges that defendant Tillery conspired with Broussard to retaliate against him. Together, the two officers allegedly confiscated several of plaintiff's personal items, including the typewriter, a hot pot, a pair of headphones, a coaxial cable, two boxes of his legal materials, and a reading lamp. *Id.* at 4-5. Plaintiff claims that he told both officers that he needed his legal materials to file a lawsuit. *Id.* at 5.

### III. Analysis

I recommend that the court grant defendants summary judgment as to plaintiff's access to courts claim and as to the retaliation claim for confiscation of plaintiff's cable and headphones, but not as to the retaliation claim at large.

#### A. Retaliation Claim

In the prison context, a successful First Amendment retaliation claim must contain five elements: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The Ninth Circuit has held that "mere speculation that defendants acted out of retaliation is not sufficient" and that specific evidence of retaliation is required to defeat summary judgment. *Wood v. Yordy*, 753 F.3d 899, 904-05 (9th Cir. 2014).

After review of the pleadings, including plaintiff's objections, I find that summary judgment on this claim is unwarranted save for the confiscation of plaintiff's headphones and cables. The five elements of a retaliation claim are met here. Plaintiff alleges that defendants confiscated his materials (adverse action) because of his intent to file a suit against Vasquez (protected conduct), that the exercise of that right was chilled, and that the defendants had no legitimate penological purpose in withholding his property. I will address each of defendants' arguments.

##### i. Establishing that Defendants Removed Plaintiff's Legal Materials

Defendants first argue that plaintiff cannot establish that they were responsible for removing his legal materials. I credited this argument in my initial recommendations and found that plaintiff had failed to point to any specific evidence that defendants were responsible for confiscating his things. I noted that plaintiff, by way of his deposition, admitted that he had not seen either defendant take his property, and that neither defendant had admitted to taking the property. ECF No. 54-8 at 13-14. I also found that plaintiff had failed to explain how defendants, neither of whom worked at the same facility as Vasquez, knew about his intent to file

4

a section 1983 complaint against that officer. Finally, I determined that plaintiff's declaration attached to his opposition was, to the extent that it differed from his deposition testimony, insufficient to create a genuine dispute of material fact.

In his objections to my recommendations, plaintiff alleges that his deposition testimony was erroneously transcribed. ECF No. 69 at 9. He takes particular issue with the notion that he admitted not seeing defendants take his documents. He claims that he never so testified and that the reporter misrepresented his testimony. *Id.* Plaintiff included with his opposition a lengthy deposition errata sheet. ECF No. 62-1 at 28-44. And although I previously emphasized the apparent inconsistency between plaintiff's deposition testimony and his later declaration—which states that defendants confiscated his property—I now find, in light of his attestations about whether that testimony was accurate, that a genuine issue of material fact exists.[1]

### ii.   Confiscation of Property was Motived by Legitimate Goals

Defendants also argue that the confiscation of plaintiff's property was motivated by legitimate correctional goals. In particular, they contend that plaintiff's book light and hot pot were already broken when they arrived at MCSP and as such had to be confiscated pursuant to CDCR policy. ECF No. 54-2 at 18. Similarly, defendants argue that plaintiff cannot prove that his typewriter was in working condition when it arrived at MCSP. *Id.* 18-19. They rely on a declaration from defendant Broussard and internal documentation associated with the property inventory. ECF No. 54-5 at 3 ¶ 22, 8-11. Plaintiff, however, alleges that these items were in good condition when they go to MCSP. ECF No. 62 at 9-10. He also reiterates that Broussard broke the typewriter. *Id.* at 10. A genuine dispute of material fact exists as to the condition of these items, and it is irresolvable on summary judgment.

---

[1] "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). To disregard the affidavit, however, "the district court must make a factual determination that the contradiction was actually a 'sham.'" *Id.* at 267. An affidavit is a 'sham' only where the inconsistency between a party's deposition testimony and the subsequent affidavit is "clear and unambiguous . . . ." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998-99 (9th Cir. 2009). Plaintiff's declaration and deposition testimony, in light of the contested nature of the latter, are not so obviously inconsistent as to render the declaration a sham.

Defendants' argument is more convincing with respect to two minor items—plaintiff's cable and headphones. Defendants argue that these items were confiscated because plaintiff did not own a television or audio device and, without those items, CDCR policy prohibits inmates from possessing cables and headphones. ECF No. 54-2 at 18. Plaintiff did not address the propriety of confiscating these items in his opposition to this argument.[2] *See* ECF No. 62 at 9-10. I recommend summary judgment be granted as to the confiscation of these two items.

### iii. Defendants' Actions Would Not Chill a Person of Ordinary Firmness

Next, defendants argue that plaintiff's litigative activities were not chilled by defendants insofar as he filed both this action and at least two inmate grievances concerning defendants' conduct. ECF No. 54-2 at 20. The core inquiry is not whether plaintiff was chilled by defendants' actions, but whether a person of ordinary firmness would be. *See Brodheim v. Cry*, 584 F.3d 1262, 1274 (9th Cir. 2009) ("The determination of an individual prisoner in persisting in filing grievances in spite of a threat of retaliation does not indicate he has not suffered a constitutional wrong."). Here, defendant Broussard's alleged statement that he would not allow plaintiff to proceed with his suit against Vasquez, coupled with his apparent confiscation of plaintiff's property, was sufficient to chill an ordinary person. *Id.* at 1269-70 (holding that implied threats may have a chilling effect); *Rhodes*, 408 F.3d at 567 n.11 (noting that "harm that is more than minimal will almost always have a chilling effect").

Defendants also contend that plaintiff's legal materials are, to this day, stored in the "R&R Legal Conex" where he may access them by submitting a form, the implication being that an ordinary person would not be chilled if that person knew that he or she could still access the materials. Plaintiff disputes this and claims that has been kept from his legal materials even

---

[2] In the declaration attached to his opposition, plaintiff states that he told defendant Tillery that, as a student, he should have been allowed to keep his headphones. ECF No. 62 at 23. In conjunction with defendants' reply, however, defendants have attached records indicating that plaintiff was not enrolled in any academic activities at the time his headphones were confiscated. ECF No. 65 at 41. Defendants ask that I take judicial notice of these records, and I find it appropriate to do so. *See* Fed. R. Evid. 201; *see also City of Sausalito v. O'Neill*, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

6

though he has submitted the form. ECF No. 62 at 12. I find that a genuine dispute of material fact exists as to the accessibility of plaintiff's legal materials.

### iv. Failure to Show that Defendants Acted with Retaliatory Intent

Defendants argue that plaintiff has failed to produce sufficient evidence that they retaliated against him because of his history with Vasquez. In my initial recommendations, I noted that plaintiff's assertion that a "list" exists among correctional officers singling out inmates for retaliation was unsupported by evidence. It remains so. But plaintiff also alleges that Broussard told him that his mistreatment was because of his intent to file a suit against Vasquez. Taken as true, this is direct evidence of retaliation. The likelihood that this exchange occurred should be evaluated by the finder of fact. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[C]ourts may not resolve genuine disputes of fact in favor of the party seeking summary judgment."); *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) ("[W]e must draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence.").

### v. Qualified Immunity

Finally, defendants argue that they are entitled to qualified immunity because a reasonable officer in defendants' position would not have known that it was illegal to: (1) confiscate unauthorized material from an inmate; (2) store an inmate's legal materials in an accessible area; or (3) fail to respond to an inmate's requests for his documents that were, allegedly, never received. ECF No. 54-2 at 24-25. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A prisoner's right to be free from retaliation for protected activity is clearly established. *Shepard v. Quillen*, 840 F.3d 686, 693 (9th Cir. 2016). And it is clearly established that defendants cannot defeat a retaliation claim "simply by articulating a general justification for a neutral process, when there is a genuine issue of material fact as to whether the action was taken in retaliation for the exercise of a constitutional right." *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003). Consequently, defendants are not entitled to

qualified immunity on plaintiff's retaliation claim.

### B. Access to Courts Claim

To succeed on a denial of access to courts claim, a prisoner must show that the defendant hindered his efforts to pursue a non-frivolous criminal appeal, habeas petition, or civil rights lawsuit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Prisoners are not guaranteed "any particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356. To establish an injury associated with being denied access to the courts, an inmate must show that "the alleged shortcomings . . . have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim." *Id.* at 346. *Lewis* holds that the injury must be more than "theoretical"; the inmate must demonstrate that the deprivation or obstacle creates some real impediment to court access. *Id.* at 351. Finally, to show injury, plaintiff must show that he has no legal remedy other than the denial of access claim in this suit. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Here, plaintiff must go beyond simply stating that he did not have his typewriter and legal materials; he must demonstrate why those items were prerequisites to bringing his claims and why this suit is now his only legal recourse. After all, many inmates handwrite complaints and habeas petitions. Many also submit valid complaints and petitions that are unsupported by exhibits or caselaw.

Plaintiff alleges that the confiscation of his typewriter and legal materials prevented him from filing: a lawsuit against Vasquez, a habeas petition, and a separate section 1983 action against a correctional counselor. ECF No. 1 at 9; ECF No. 62 at 18. But he has not produced any specific evidence or argument as to why being deprived of these items hindered him from bringing his claims before the court. For instance, although plaintiff's original complaint against Vasquez was confiscated, he has not explained why he could not have redrafted the complaint. Notably, plaintiff was able to describe Vasquez's alleged violations of his rights in this action. *See* ECF No. 62 at 2. And his lengthy, handwritten opposition to the instant motion shows that he does not require a typewriter to access the courts. The same is true of plaintiff's other proposed actions—the habeas petition and civil rights action against the correctional counselor. Plaintiff alleges that being deprived of his legal materials frustrated his ability to file these actions, but he

8

1   does not explain why the materials were needed to file those claims. (Indeed, records show that,
2   since the alleged incident in May 2019, he has filed three other lawsuits. *See* ECF No. 54-3 at
3   5.[3]) Thus, I find that plaintiff has not shown either that being deprived of his materials or
4   typewriter hindered his ability to file his contemplated actions, or that succeeding in this action is
5   his only legal remedy.

6   In her order, the district judge directed me to consider whether any particular claim
7   plaintiff wanted to pursue was frustrated.[4] As noted above, plaintiff has failed to present
8   evidence or specific argument that he was prevented from bringing any of his cited claims by the
9   loss of his legal materials or typewriter. I note that pleading standards for *pro se* inmates are low.
10  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In bringing a complaint or petition, it is
11  unnecessary for prisoners to cite case law or statutes. Prisoner complaints and habeas petitions
12  that amount to little more than one or two hand-written paragraphs routinely proceed through
13  litigation. Here, plaintiff alleges that he was deprived of the opportunity to bring a habeas action
14  because he was not given his trial transcripts. ECF No. 62 at 18. But habeas actions are typically
15  filed on a form, and need not be accompanied by exhibits. Rather, under Habeas Rule 2, a
16  petitioner's filing must simply: (1) specify all grounds for relief available to him; (2) state the
17  facts supporting each ground; (3) state the relief requested; (4) be printed, typed, or legibly
18  handwritten; and (5) be signed under penalty of perjury. Plaintiff also alleges that he was
19  deprived of exhibits that would have been included in a complaint alleging Eighth Amendment
20  and due process violations against a correctional counselor. ECF No. 62 at 18. Under Rule 8 of
21  the Federal Rules of Civil Procedure, a section 1983 complaint requires only "a short and plain

---

[3] Defendants ask that I take judicial notice of the PACER case search document at this page number. ECF No. 54-3 at 1-2. I will do so. Judicial notice is appropriate where a document is publicly available and capable of accurate and ready determination. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988). The PACER search results meet these requirements.

[4] The district judge also directed me to consider whether plaintiff's declaration created a genuine dispute of fact as to this claim. ECF No. 71 at 3. I have reviewed the declaration and, as described in the analysis in this section, find that it does not. Plaintiff has not shown that the deprivation of his legal materials and typewriter hindered him from filing any of the aforementioned claims.

statement of the claim showing that the pleader is entitled to relief." Citation to caselaw, statute, or exhibits is unnecessary. Plaintiff has failed to show that he was denied access to the courts, and I recommend that the court grant summary judgment on this claim.

## Motions for Injunctive Relief and to Stay This Action

Plaintiff has filed a motion for preliminary injunction, ECF No. 35, and three motions to stay this action, ECF Nos. 56, 60, & 61. Plaintiff's motion for preliminary injunction concerns additional acts of retaliation by non-defendant correctional officers that are alleged to have occurred since the filing of this suit. ECF No. 35 at 1. The injury claimed in a motion for preliminary injunction must relate to conduct alleged in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Here, the motion and the complaint concern separate instances of retaliation and injunctive relief and must be denied on that basis.

Plaintiff's motions to stay this action should also be denied. The motion to delay ruling on the motion for summary judgment until after discovery, ECF No. 56, should be denied because discovery has long since closed. *See* ECF No. 18. Plaintiff's other two motions to stay this action request a stay due to his limited access to the law library. ECF Nos. 60 & 61. Plaintiff has already filed his opposition to the instant motion, the dispositive motion deadline has closed, and there are no other pleadings that demand a response. If circumstances arise that require plaintiff to conduct legal research to continue litigating, he may move for an extension of time.

Based on the foregoing analysis, it is hereby ORDERED that plaintiff's motion to refer action to mediation, ECF No. 72, is DENIED.

Further, it is RECOMMENDED that:

1. Defendants' motion for summary judgment, ECF No. 54, be GRANTED in PART. Defendants are entitled to summary judgment on plaintiff's claim regarding the retaliatory confiscation of his cables and headphones and his access to court claim. The motion should be denied in all other respects.

2. Plaintiff's motion for preliminary injunction, ECF No. 35, and his motions to stay this action, ECF Nos. 56, 60, & 61, be DENIED.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   September 7, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

11