UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINUS EKENE, | No. 2:20-cv-01255-KJM-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| E. BROUSSARD & TILLERY, | |
| Defendants. | |

Plaintiff Linus Ekene, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 7, 2022, the Magistrate Judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  The parties have objected to the findings and recommendations.  *See* Defs.' Objs., ECF No. 76; Pl.'s Objs., ECF No. 77.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the

/////

---

[1] Plaintiff's objections were not timely, but the court grants his request for an extension of time. *See* Pl.'s Objs. at 4.

1

findings and recommendations to be supported by the record and by the proper analysis. The court writes separately only to address the parties' objections.

The defendants object to the Magistrate Judge's finding that there is an unresolved factual dispute about whether they confiscated Ekene's property to stymie his litigation against a third correctional officer named Vasquez. *See* F&Rs at 7; Defs.' Objs. at 1–3. The defendants claim in declarations that they never worked at the facility where Vasquez was employed, did not know Vasquez or anyone else who worked there, and also did not know about Ekene's allegations against Vasquez or investigations into those allegations. *See* Objs. at 2; Broussard Decl. ¶¶ 4–13, ECF No. 54-5; Tillery Decl. ¶¶ 5–14, ECF No. 54-7. Ekene claims in his own declaration that the defendants told him they had "heard about" Vasquez and were not going to let him make claims against Vasquez. Ekene Decl. ¶¶ 5–6, ECF No. 62. The Magistrate Judge correctly decided that this factual dispute cannot be resolved on summary judgment.

The defendants also object to the Magistrate Judge's recommendation that they were not entitled to qualified immunity. At this stage, the court must resolve factual disputes in Ekene's favor and view the evidence in the light most favorable to his case. *See Tolan v. Cotton*, 572 U.S. 656–57 (2014) (per curiam). The court must assume, in other words, that the fact-finder would believe Ekene's claim that Broussard and Tillery arbitrarily confiscated his property soon after telling him they would not let him pursue claims against Vasquez. *See* F&Rs at 4–7; Ekene Decl. ¶¶ 5–7. The defendants' arguments for qualified immunity rest on the assumption that some other version of the story would carry the day—for example, that they simply confiscated unauthorized materials. *See* F&Rs at 7–8; Mot. at 24–25. The Magistrate Judge correctly refused to make this assumption. *See* F&Rs at 7–8. As the Magistrate Judge correctly concluded, it was clearly established at the relevant time "that a corrections officer may not retaliate against a prisoner for exercising his First Amendment right to report staff misconduct." *Shepard v. Quillen*, 840 F.3d 686, 688 (9th Cir. 2016) (citing *Brodheim v. Cry*, 584 1262, 1269 (9th Cir. 2009)). An officer's statement is enough. *See id.* ("Wise's alleged statement that 'I'm go [sic] send you to ad/seg for reporting my officer,' is enough.").

/////

Ekene objects to the Magistrate Judge's recommendation to grant summary judgment of his claim that the defendants denied him access to the courts. *See* Pl.'s Objs. at 4. He argues the defendants have refused to return notes that include details about events that would support a new civil rights action. *See id.* at 2–3. The Magistrate Judge correctly determined that Ekene has not offered evidence to show he could not have composed a "short and plain statement" of his anticipated claims based on the information currently available to him. F&Rs at 9–10 (quoting Fed. R. Civ. P. 8(a)).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 7, 2022 are adopted in full;

2. Defendants' motion for summary judgment, ECF No. 54, is granted in part. Defendants are entitled to summary judgment on plaintiff's access to court claim as well as his claim regarding the retaliatory confiscation of his cables and headphones. The motion should be denied in all other respects;

3. Plaintiff's motion for preliminary injunction, ECF No. 35, and his motions to stay this action, ECF Nos. 56, 60, & 61, are denied;

4. Pending the settlement contemplated below, referral to the assigned magistrate judge is withdrawn absent further order of the court; and

5. This matter is referred to the court's ADR and Pro Bono Director, Sujean Park, to attempt to locate pro bono counsel to represent plaintiff at a settlement conference to be set by subsequent order of the court.

DATED: October 30, 2022.

CHIEF UNITED STATES DISTRICT JUDGE